Ronald FOXMAN, Appellant,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Appellee.

No. 04–2944–CV.

United States Court of Appeals,
Second Circuit.

Nov. 28, 2005.

Eileen F. Shapiro, Brooklyn, New York, for Appellant.

Som Ramrup, Special Assistant United States Attorney (Varuni Nelson and Kathleen A. Mahoney, Assistant United States Attorneys, on the brief) for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, for Appellee.

Present: CALABRESI, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on March 29, 2004, is hereby VACATED and the case REMANDED to the district court with a direction that it remand the matter to the Social Security Administration ("SSA") for further proceedings consistent with this order.

Plaintiff-appellant Ronald Foxman appeals from a judgment of the district court in favor of the defendant-appellee Commissioner of Social Security on Foxman's challenge to her rejection of his application for disability insurance benefits. Although our standard of review is *de novo*, we must affirm the Commissioner if her decision was based on the correct legal standard

and supported by substantial evidence, *i.e.,* evidence that a reasonable mind might accept as adequate to support the conclusion reached. *See Halloran v. Barnhart,* 362 F.3d 28, 31 (2d Cir.2004) *(per curiam); Snell v. Apfel,* 177 F.3d 128, 132 (2d Cir. 1999). We assume the parties' familiarity with the facts of this case and the record of prior proceedings, which we reference only as necessary to explain our decision.

■ Foxman asserts that the ALJ erred in failing (1) to recognize that his cervical condition constituted a listed impairment as set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 § 1.05C (2001) (since revised), and (2) to give proper consideration to the disability opinion of his treating physician. Having reviewed the record, we conclude that substantial evidence supports the Commissioner's conclusion that Foxman did not suffer a listed impairment. Foxman has not offered convincing evidence that he suffered from a vertebrogenic disorder under Listing 1.05C, such as a herniated disc or spinal stenosis. *See generally DeChirico v. Callahan,* 134 F.3d 1177, 1182–83 (2d Cir.1998) (concluding that ALJ's finding that disability claimant was not disabled *per se* under Social Security listing providing that person with inability to use prosthesis is disabled *per se,* was supported by substantial evidence where, among other things, there was a lack of evidence that a prosthesis was not readily available to the claimant). On the other hand, we agree that the Commissioner's decision is based on an erroneous application of the treating physician rule by the reviewing Administrative Law Judge ("ALJ").

■ Social Security regulations require an ALJ to give "controlling weight" to the opinion of a treating physician on the issue of the nature and severity of a claimant's impairment if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(d)(2); *see also Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir.2002). On July 18, 1984, within the insured period, Foxman's treating physician, Dr. Sargiss, expressed the opinion that claimant was totally disabled from work requiring heavy lifting, prolonged sitting, standing, and walking. While this opinion does not specify that Foxman could not perform sedentary work, in subsequent reports in January 1988 and December 1999, Dr. Sargiss clarified that claimant was "totally disabled" from work beginning on June 5, 1980. Indeed, in 1999, Dr. Sargiss stated that the plaintiff could lift and carry only between five and ten pounds, could stand and/or walk for up to thirty minutes, and could sit up to forty-five minutes—limitations that might well preclude him from performing sedentary work. *See* 20 C.F.R. § 404.1567(a) (defining sedentary work as work that involves sitting, lifting and carrying no more than ten pounds at a time and occasional walking and standing). The ALJ found that Dr. Sargiss's "medical opinions [were] well supported by medically acceptable clinical and laboratory diagnostic techniques," *see* ALJ Decision at 6, but ultimately he gave *no weight* to Dr. Sargiss's opinions because they were contradicted by other evidence, notably the opinion of a consulting physician, Dr. Cohen, who examined plaintiff for ten minutes in 1981.

An ALJ is entitled to give greater weight to the opinion of a non-treating physician—and even to disregard the opinion of a treating physician altogether—but only if the ALJ's decision is based upon proper consideration of the following factors: (1) the frequency of examination and the length, nature, and extent of the treatment relationship, (2) the evidence sup-

porting the treating physician's opinion, (3) the consistency of the opinion with the record as a whole, (4) whether the opinion is from a specialist, and (5) any other factors brought to light that tend to contradict the treating physician's opinion. *See* 20 C.F.R. § 404.1527(d); *Halloran v. Barnhart,* 362 F.3d at 32. The regulations also require the ALJ to "give good reasons in [his] notice of determination or decision for the weight [he] give[s] [claimant's] treating source's opinion." 20 C.F.R. § 404.1527(d)(2); *see Halloran v. Barnhart,* 362 F.3d at 32; *Schaal v. Apfel,* 134 F.3d 496, 503–04 (2d Cir.1998).

In this case, the ALJ's discussion of the required factors is in conflict with the evidence and the regulations themselves. As noted above, the ALJ found that Dr. Sargiss's medical opinions were well supported by medical evidence, which cannot be reconciled with a decision to accord them *no* weight. Although the ALJ noted the inconsistencies between the opinions of Dr. Sargiss and Dr. Cohen, he failed to address the consistency of Dr. Sargiss's views with the reports of Foxman's other physicians, Drs. Weintraub and Kwittken, or with the CT scan results. Insofar as the ALJ expressed concern that Dr. Sargiss's opinions "appear[ ] to rest at least in part on an assessment of an impairment[ ] outside [his] area of expertise," ALJ Decision at 8, nothing in the record indicates that Dr. Cohen, whose report the ALJ gave the "most credence," was an orthopedic specialist. Finally, the ALJ appears to have rejected Dr. Sargiss's opinions at least in part because he was Foxman's treating family physician. The ALJ concluded that "[t]he possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he ... sympathizes." *Id.* at 7. Where, as in this case, there is no record evidence to suggest that sympathy rather than professional judgment informed a doctor's opinion,

the conclusion drawn by the ALJ is contrary to the treating physician rule, which presumes that more rather than less weight is properly accorded to the doctor who has most closely attended a claimant. *See* 20 C.F.R. § 404.1527(d)(2).

■ In addition to misapplying the regulatory factors, the ALJ erred in questioning the validity of Dr. Sargiss's opinion based on his "conservative" course of treatment. *See Shaw v. Chater,* 221 F.3d 126, 134 (2d Cir.2000) (ruling that "the district court improperly characterized the fact that [the treating physician] recommended only conservative [treatment] as substantial evidence that plaintiff was not physically disabled during the relevant period"); *see also Balsamo v. Chater,* 142 F.3d 75, 81 (2d Cir.1998) (noting that an "ALJ cannot arbitrarily substitute his own judgment for competent medical opinion" (internal quotation marks omitted)). The ALJ also erred in finding that Foxman had no relevant past work. Under the regulations, past relevant work includes work activity performed within fifteen years of the date of the ALJ's decision, or the date last insured, if earlier. *See* 20 C.F.R. § 404.1565(a). Although Foxman worked as a taxi cab driver more than fifteen years before the ALJ's decision, he performed this job within fifteen years of his date last insured.

While the record does not permit us to determine whether Foxman is, in fact, entitled to disability benefits, in light of these various errors, we conclude that the case must be remanded to the SSA so that his claim can be considered in light of his work history and with proper application of the treating physician rule.

We note that, at oral argument of this appeal, an independent issue arose as to the proper assignment of the burden of proof at step five of the sequential evalua-

tion process. Although opinions of this court suggest that the step five burden rests with the government, *see, e.g., Curry v. Apfel,* 209 F.3d 117, 123 n. 1 (2d Cir. 2000); *Balsamo v. Chater,* 142 F.3d at 80–81, more recent Social Security regulations appear to assign the burden to the claimant. *See* Acquiescence Ruling 00–4(2), 2000 WL 1460367 (Sept. 11, 2000) rescinded by 68 Fed. Reg. 51,317 (Aug. 26, 2003). In a different context, this court has ruled that "[n]ew regulations at variance with prior judicial precedents are upheld unless they exceeded the [Commissioner's] authority or are arbitrary and capricious." *Schisler v. Sullivan,* 3 F.3d 563, 568 (2d Cir.1993) (internal quotation marks omitted). Because a proper application of the treating physician rule and a correction of the other errors here identified may on remand result in a ruling favorable to claimant without regard to the assigned burden of proof, we do not here resolve an issue that was not previously raised in the administrative proceedings or before the district court. Nevertheless, to the extent any decision on remand does turn on the step five burden, the parties should present their views on the effect of the revised regulations to the appropriate decision-makers in order to preserve the issue for further appellate review, if necessary.

We hereby VACATE the district court judgment and REMAND the case to the district court with directions that it remand the case to the SSA's Office of Hearings and Appeals for further proceedings consistent with this order.